# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**MADALYNNE E. H.,**[1]

      **Plaintiff,**

      v.

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

      **Case No. 2:24-cv-4126**

      **JUDGE DOUGLAS R. COLE**
      **Magistrate Judge Deavers**

## OPINION AND ORDER

The Magistrate Judge's November 6, 2025, Report and Recommendation (R&R, Doc. 15), advises this Court to affirm the Commissioner of Social Security's (Commissioner) decision denying Plaintiff Madalynne E. H. social security insurance disability benefits (DIB) and supplemental security income (SSI). For the reasons below, the Court **OVERRULES** Plaintiff's Objections (Doc. 16), **ADOPTS** the R&R (Doc. 15), and **AFFIRMS** the Commissioner's decision.

## BACKGROUND

Plaintiff believes that she is disabled as the Social Security Administration (SSA) defines that term. She applied for social security disability benefits in October 2021. (Doc. 15, #3274). SSA personnel denied her claim initially in December 2021, and then again upon reconsideration in April 2022. (*Id.*). Plaintiff challenged that decision before an SSA Administrative Law Judge (ALJ), who presided over a

---

[1] Due to privacy concerns, this Court refers to social security claimants only by their first names and last initials. *See* S.D. Ohio General Order 22-01.

telephone hearing at which Plaintiff was represented by counsel. (*Id.*). Plaintiff testified, as did a vocational expert. (*Id.*). The ALJ issued a written decision on October 25, 2023, finding that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.*). The SSA Appeals Council declined review and adopted the ALJ's decision as the Commissioner's final decision. (*Id.*). So the substance of the ALJ's decision is what provides the basis for review here.

In that decision, after finding that Plaintiff meets the insured-status requirements of the Social Security Act through March 31, 2022, the ALJ proceeded to consider the five-step "sequential evaluation process" that determines whether a Social Security claimant is disabled as the Social Security Act uses that term. (*Id.* at #3278 & n.1 (citations omitted)). Those factors direct ALJs to consider whether: (1) the claimant is engaged in substantial gainful activity, (2) the claimant suffers from one or more severe impairments, (3) the claimant's severe impairments, alone or in combination, meet or equal the criteria of impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R., Subpart P, Appendix 1; (4) the claimant can perform her relevant past work, considering the claimant's residual functional capacity; and (5) the claimant can perform other work available in the national economy, considering the claimant's age, education, past work experience, and residual functional capacity. 20 C.F.R. § 404.1520(a)(4); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

At step one of the analysis, the ALJ found that Plaintiff had not engaged in substantially gainful activity since September 1, 2019. (Doc. 15, #3278). At step two,

the ALJ found that Plaintiff has the following severe impairments: diabetes with associated ketoacidosis, hyperglycemia, and hypoglycemia. (*Id.*). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R., Part 404, Subpart P, Appendix 1. (*Id.*). At step four, the ALJ laid out Plaintiff's residual functional capacity (RFC), as that term is defined at 20 C.F.R. §§ 404.1567(b) and 416.967(b). (*Id.* at #3279). He concluded that Plaintiff had the capacity to perform light work, but must avoid hazards, such as unprotected heights and dangerous machinery, and must avoid commercial driving. (*Id.*). The ALJ also concluded that Plaintiff has no past relevant work. (*Id.* at #3279). Finally, at step five, the ALJ determined that Plaintiff can perform other jobs that exist in significant numbers in the national economy such as a "hand packer, mail clerk, or garment folder." (*Id.*). Thus, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time since September 1, 2019. (*Id.*).

Plaintiff initiated the instant case on November 4, 2024. (Doc. 1). In her Statement of Specific Errors (Doc. 10), Plaintiff argued that the ALJ violated 20 C.F.R. § 404.1520c when evaluating a medical opinion from Simona Moore, "a certified nurse practitioner [who] was the central hub for all of [Plaintiff's] treatment." (*Id.* at #3249). Plaintiff explains that, in all claims filed on or after March 27, 2017, § 404.1520c "is the regulation the governs how opinion evidence is to be evaluated." (*Id.*). The regulation provides that the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical

opinion(s) or prior administrative medical finding(s), including those from … medical sources." 20 C.F.R. § 404.1520c(a). Rather, the Commissioner must evaluate those opinions using five factors: (1) supportability, (2) consistency, (3) the relationship of the source to the claimant, (4) specialization, and (5) other factors tending to support or contradict a medical opinion or prior administrative medical finding. *Id.* §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5). Plaintiff contends that the ALJ erred in his consideration of the supportability and consistency factors, (Doc. 10, #3251)—the "most important factors," 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Indeed, unlike the other three factors, the regulations expressly require ALJs to "explain how [they] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings" in a benefits determination.[2] *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).

The medical opinion at issue comes in the form of a short letter from Moore, the body of which states as follows:

> This is a note to confirm that [Plaintiff] suffers from the following disorders: Anxiety, depression, Post Traumatic Stress Disorder, Trichotillomania (hair pulling disorder), Type 1 Diabetes with fluctuating glucose, abdominal bloating and pain from unknown cause.
>
> Due to the nature of these conditions, [Plaintiff] has been unable to sustain work due to frequent absences and the inability to predict when she have [sic] a complication from these disease states.

---

[2] Unless, that is, two or medical opinions or prior administrative medical findings are equal in supportability and consistency "but are not exactly the same." 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3). In that case, the ALJ must also articulate how the ALJ considered the other most persuasive factors. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

It is myopinion [sic] that Miss Hall is not able to sustain employment successfully at this time. If you have any questions in this regard, please do not hesitate to call me.

(Doc. 7-2, #2155).

In his opinion, the ALJ said the following regarding Moore's letter:

In May 2023, Simona Moore, CNP, summarized the claimant's disorders of anxiety, depression, posttraumatic stress disorder, trichotillomania, type 1 diabetes, abdominal bloating, and pain from unknown cause, which resulted in the claimant's inability to sustain work due to frequent absences and the inability to predict when she would have a complication from her disease states (Ex. 24F). Ms. Moore opined that the claimant was unable to sustain employment successfully (Ex. 24F). As I noted above, such a statement is "reserved to the Commissioner" and not to be evaluated for persuasiveness. With respect to the assessment of the need for frequent absences, Ms. Moore did not provide detailed analysis regarding the claimant's frequent medical visits and did not address the claimant's non-compliance and frequent marijuana use. Accordingly, she did not provide significant support for the need for absences, and such a need is inconsistent with the above-summarized normal physical exam findings, diagnostic imaging and test results, and activities of living when claimant has been compliant with treatment. Accordingly, I do not find the suggestion that the claimant requires frequent absences to be persuasive.

(Doc. 7, #50).

Plaintiff's Statement of Specific Errors argues that the ALJ erred in failing to sufficiently articulate why he was rejecting Moore's opinion. (Doc. 10, #3251). According to Plaintiff, "[t]he ALJ focused exclusively on the lack of explanation" from Moore. (*Id.*). In Plaintiff's view, that's a problem because "[t]he ALJ was not restricted to the letter on which … Moore provided her opinion." (*Id.*). Rather, the "[t]he ALJ needed to review the entire record and determine whether there was evidence that was supportive of and consistent with … Moore's opinion regarding absenteeism." (*Id.*).

The Magistrate Judge disagreed with Plaintiff's characterization of the ALJ's decision. (Doc. 15, #3288). In the R&R, the Magistrate Judge points out that the ALJ did, in fact, consider other record evidence, including prior administrative medical findings, albeit not in the specific paragraph quoted above. (*Id.* at #3286–88). Thus, in the Magistrate Judge's view, "[t]he ALJ's consideration of … Moore's opinion and the prior administrative medical findings complied with the appropriate regulations and is supported by substantial evidence." (*Id.* at #3287). Plaintiff filed timely objections (Doc. 16), essentially reiterating the argument that Plaintiff offered in her Statement of Specific Errors (Doc. 10).

The Commissioner replied to Plaintiff's objections. (Doc. 17). There, the Commissioner defended the R&R and the ALJ, arguing both properly evaluated Moore's medical opinion.

With that, the matter is ripe for review.

**LEGAL STANDARD**

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

But that is not the only relevant standard of review. In this case, the Magistrate Judge reviewed a decision by a Social Security Administration ALJ that

6

the Commissioner of the SSA adopted. In that setting, courts are "limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ealy*, 594 F.3d at 512 (quotation omitted). So long as substantial evidence supports the Commissioner's conclusion, the court must affirm, even if substantial evidence in the record would also support a different conclusion. *Id.* That said, even if substantial evidence supports the ALJ's decision, the court cannot affirm if "the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

Putting all that together, when a party specifically objects, this Court reviews that portion of the R&R de novo to assess whether (1) the Magistrate Judge correctly determined that the ALJ's decision applied the correct legal standards (including the SSA's own regulations), and (2) substantial evidence supported the ALJ's decision.

## LAW AND ANALYSIS

For Social Security disability benefits, a disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). As noted above, the SSA developed a five-step analysis to tell whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). As relevant here, a claimant may not be gainfully employed (step one) and must have one or more severe, medically determinable physical or mental impairments (step two). *See id.* The SSA considers some impairments, listed in a regulatory appendix, as so severe they automatically entitle a claimant to benefits (step three). *See id.*

If, as here, the list does not contain the claimant's impairment or its equivalent, the SSA then considers whether the claimant can still work (steps four and five). *See id.* That is, the SSA assesses the claimant's "residual functional capacity," or RFC, often relying on medical and vocational experts to assist in that determination. *See id.* Then, based on the claimant's RFC, age, education, and work experience, the SSA asks whether the claimant can either continue performing the work they had done before, or perform some different job or jobs that exist in significant numbers in the national economy. *See id.* If the claimant falls into either bucket, the SSA will find the claimant not disabled. *See id.* Otherwise, the claimant is disabled. *See id.*

In her Objections to the R&R, Plaintiff challenges the ALJ's handling of Moore's medical opinion regarding Plaintiff's absenteeism, just as she did in her

8

Statement of Specific Errors (Doc. 10). (Doc. 16, #3292–93). Specifically, Plaintiff argues that the ALJ and Magistrate Judge improperly applied the supportability and consistency factors. So the Court reviews that objection de novo. But even reviewing the issue de novo, the Court is in complete agreement with the Magistrate Judge.

Plaintiff contends that both the ALJ and the Magistrate Judge "required that any support or explanation for [Moore's] opinions be included in the letter that contained her opinion." (*Id.* at #3293 (citing *Hutchinson v. Comm'r of Soc. Sec.*, No. 13-cv-4162, 2014 WL 4852269, at *7 (N.D. Ohio Sep. 29, 2014) ("[T]he Sixth Circuit is very clear that the medical source is not required to include all the evidence supporting his opinion within the four corners of that opinion.")). Therefore, Plaintiff says, the ALJ and Magistrate Judge "erred by restricting their evaluation of the supportability factor to the four[]corners of … Moore's opinion letter." *Id.*

But neither the ALJ nor the Magistrate Judge made any such error. Under the supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). Under the consistency factor, "[t]he more consistent a medical opinion(s) or prior administrative finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative finding(s) will be." *Id.* § 404.1520c(c)(2). And here, the ALJ "summarized Plaintiff's treatment, in which he notes the record documents

9

substantially normal physical findings, except for mainly gastrointestinal complaints when non-compliant with treatment." (Doc. 15, #3274). Specifically, the ALJ considered the prior administrative medical findings of Mila Bacalla, M.D., and Indira Jasti, M.D.;

> I find the assessment of Dr. Bacalla and Dr. Jasti to be persuasive, as they supported it with a summary of the physical evidence of record (Ex. 8A/2, 5–6) and a finding that the claimant's statements were only partially consistent, particularly noting that a physician suggested that the claimant's alleged frequent vomiting was due to marijuana use (Ex. 8A/4). Their assessment is also consistent with the updated longitudinal treatment and examining record, as well as diagnostic imaging, laboratory findings, and biopsy results, as summarized above, which document that the claimant's condition has not generally resulted in acute distress, particularly when she has been compliant with treatment. Indeed, a June 2023 treatment note indicated that she was doing very well with respect to glucose levels when she had her insulin pump on automated mode (Ex 30F/3).

(Doc. 7, #50). The ALJ also "correctly noted the normal clinical findings on examination," and "properly considered the largely unremarkable objective imaging and biopsies." (Doc. 15, #3287 (citing the pertinent portions of the ALJ's opinion, which in turn contains numerous record citations to this evidence)).

True, the ALJ did not cite all this evidence in the paragraph where he discusses Moore's opinion. (Doc. 7, #50). But that paragraph expressly references the "above-summarized normal physical exam findings, diagnostic imaging and test results, and activities of living when claimant has been compliant with treatment," and states that Moore's opinion is a poor fit with this evidence. (*Id.*). So substantial evidence supports the ALJ's opinion. And he was not required to *re*-evaluate all that evidence in the context of discussing Moore's medical opinion. *See Booker R. v. Comm'r of Soc. Sec.*, No. 3:22-cv-170, 2023 WL 4247312, at *5 (S.D. Ohio June 29, 2023) ("[T]he ALJ's

evaluation of the medical evidence earlier in the decision ... suffices to allow this Court to engage in meaningful review of the ALJ's decision. And as discussed above, the Court concludes that the ALJ complied with the applicable regulations when she found that the State agency medical consultants' findings were mostly persuasive, and also that her analysis is supported by substantial evidence."). So, notwithstanding Plaintiff's assertion to the contrary, the ALJ did, in fact, "evaluate the entire record" in declining to find Moore's medical opinion persuasive. (Doc. 16, #3293). That in turn means that neither the ALJ nor the Magistrate Judge erred in "restricting their evaluation of the supportability factor to the four[]corners of ... Moore's opinion letter." (*Id.*). In other words, even accepting Plaintiff's legal premise—that the ALJ needed to do more than merely look to the four corners of Moore's opinion to properly evaluate the supportability and consistency factors—the administrative record does not support the conclusion that the ALJ failed to abide by that requirement. And as that is Moore's sole objection to the Magistrate Judge's R&R, her challenge falls short.

## CONCLUSION

For these reasons, the Court **OVERRULES** Plaintiff's Objection (Doc. 16), **ADOPTS** the R&R (Doc. 15), and **AFFIRMS** the Commissioner's decision. The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this matter from the docket.

**SO ORDERED.**

March 18, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**